# HOGAN & CASSELL, LLP
### ATTORNEYS & COUNSELORS AT LAW
500 NORTH BROADWAY
SUITE 153
JERICHO, NEW YORK 11753

TELEPHONE: (516) 942-4700
TELECOPIER: (516) 942-4705
www.hogancassell.com

SHAUN K. HOGAN+
MICHAEL D. CASSELL■

NEW JERSEY OFFICE
744 BROAD STREET
FLOOR 16, SUITE 28
NEWARK, NEW JERSEY 07102
TELEPHONE: (973) 735-2700

+ALSO ADMITTED IN MASSACHUSETTS
■ALSO ADMITTED IN NEW JERSEY

August 20, 2012

**BY ECF**
Hon. Denis R. Hurley, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: Matthew Prince v. County of Nassau, et al.
     08 CV 1829 (DRH) (AKT)

Dear Judge Hurley:

  This firm represents the plaintiff, Matthew Prince ("Prince" or "Plaintiff"), in the above-referenced action. Pursuant to the Court's Pre-Trial Order, the trial of this action is scheduled for September 10, 2012. Please allow this letter to serve as Plaintiff's motion in limine to preclude Defendants from referencing in the presence of the jury or offering any evidence regarding Prince's 2007 arrest and conviction for Driving While Ability Impaired (Vehicle and Traffic Law ("VTL") § 1192(1)) ("Prince's DWAI").

  As a consequence of his plea of guilty to DWAI, Prince was sentenced to a $300.00 fine, 90-day license suspension and he was granted a conditional discharge. It is important to note that the maximum period of incarceration that Prince could have been sentenced to for DWAI was 15 days. VTL § 1192(1).

  It is respectfully submitted that it would be unduly prejudicial to Plaintiff to permit Defendants to offer evidence of Prince's DWAI at the trial of this action. The conviction does not relate to Prince's credibility and in no way can be said to be probative of his veracity. The offense, DWAI, is not considered a crime under New York State Vehicle and Traffic Law. See VTL § 1192(1). The conviction is more than six years old and occurred in Queens County. It does not involve any of the witnesses in the present action and there is no nexus between the conviction and the present case. Moreover, driving while intoxicated or impaired is an issue for which many people, particularly in the New York area, have a very severe and visceral reaction against anyone who is alleged to be involved in any driving violation that involves alcohol.

Hon. Denis R. Hurley, U.S.D.J.                               August 20, 2012
Page 2

Federal Rule of Evidence ("Fed. R. Evid.") 609 governs the admissibility of criminal convictions for impeachment purposes in civil actions. Significantly, Rule 609(a) only authorizes the admissibility of such evidence under just two circumstances. See Daniels v. Loizzo, 986 F. Supp. 245, 249 (2d Cir. 1997) (discussing scope of Fed. R. Evid. 609); Maize v. Nassau Health Care Corp., No. CV 05-4920(ETB), 2012 U.S. Dist. LEXIS 37058, at *1-*3 (E.D.N.Y. Jan. 18, 2012) (discussing scope of Fed. R. Evid. 609 and the fact that the recent amendment to the rule did not make a substantive change).

First, Rule 609(a)(1) permits impeachment of a witness with convictions punishable by imprisonment in excess of one year, subject to the balancing test of Rule 403. In light of the fact that Prince's conviction was only punishable by a maximum of 15 days, this exception does not permit Defendants to offer any evidence of Prince's DWAI at the trial of this action.

The second exception under Fed. R. Evid. 609(a)(2) is restricted to convictions that bear directly on the likelihood that the defendant will testify truthfully. To fall within this exception the offense that the party was convicted of must be peculiarly probative of credibility, such as those for perjury, or subornation of perjury, false statement, criminal fraud, embezzlement, false pretense, or any other offense in the nature of crimen falsi, the commission of which involves an element of deceit, untruthfulness, or falsification bearing on the individual's propensity to testify truthfully. See Daniels, 986 F. Supp. at 249, Maize, 2012 U.S. Dist. LEXIS 37058, at *2-*3. Here, the offense that Prince was convicted of is not a crime that could reasonably be viewed as involving an element of deceit or untruthfulness. Given that fact, Defendants should not be permitted to offer any evidence of Prince's DWAI at the trial of this action.

Fed. R. Evid. 403 provides that "the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In the present case, Prince's DWAI is not relevant to Prince's claims or Defendants' defenses to the action. Consequently, Defendants should not be permitted to offer any evidence regarding Prince's DWAI.

Even if the Court were to find that Prince's DWAI was relevant, there is no doubt that if the jury were permitted to hear evidence of the conviction it would unduly prejudice Plaintiff.

In light of the foregoing, we respectfully request that the Court issue an order precluding Defendants from offering any evidence relating to Prince's arrest and DWAI conviction.

Hon. Denis R. Hurley, U.S.D.J.            August 20, 2012
Page 3

     Thank you for Your Honor's consideration.

                                               Respectfully submitted,
                                               HOGAN & CASSELL, LLP

                                               Shaun K. Hogan

cc:     Donna Napolitano, Esq.