UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MATTHEW PRINCE,

          PLAINTIFF,          VERDICT SHEET
                                  08-CV-1829 (DRH)
   -AGAINST-

COUNTY OF NASSAU, JOHN FITZGERALD,
LIEUTENANT NASSAU COUNTY POLICE
DEPARTMENT, FIRST PRECINCT, JOHN
SOTO, JOHN HERMANN, ARNOLD ROTHENBERG,
SERGEANTS, FIRST PRECINCT, SCOTT TUSA,
ASSOCIATE FIRE MARSHAL,

          DEFENDANTS.
----------------------------------------X

**COURT EXHIBIT**
CV-08-1829
19
11/20/2012

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★    NOV - 2012    ★

LONG ISLAND OFFICE

## INSTRUCTIONS

THE APPLICABLE LAW AS TO THIS CASE IS FULLY SET FORTH IN THE CHARGE. THE PURPOSE OF THIS FORM IS <u>SOLELY</u> TO ASSIST YOU IN REPORTING YOUR VERDICT.

YOUR VERDICT MUST BE UNANIMOUS, THAT IS, EACH OF YOU MUST AGREE ON THE ANSWER TO EACH QUESTION.

## FEDERAL CIVIL RIGHTS LAW CLAIMS

(1) AS TO <u>DEFENDANT SOTO</u>:

    (A) HAS PLAINTIFF ESTABLISHED EACH OF THE THREE ELEMENTS OF HIS FEDERAL SECTION 1983 CLAIM AS AGAINST DEFENDANT SOTO?

        YES _____          NO ✓

    IF YOU ANSWERED "NO" TO QUESTION (1)(A), YOU HAVE FOUND FOR DEFENDANT SOTO AS TO THIS CLAIM. PROCEED TO QUESTION (2). IF YOU ANSWERED "YES" TO QUESTION (1)(A), PROCEED TO QUESTION (1)(B).

 (B) HAVE DEFENDANTS ESTABLISHED THAT WAYNE CHREBET, JR. WOULD HAVE TERMINATED THE 2007 CONSULTING AGREEMENT EVEN ABSENT ANY HARASSING CONDUCT BY DEFENDANT SOTO?

   YES _____    NO _____

IF YOU ANSWERED "YES" TO QUESTION (1)(B), YOU HAVE FOUND FOR DEFENDANT SOTO ON THIS CLAIM. IF YOU ANSWERED "NO" TO QUESTION (1)(B), YOU HAVE FOUND FOR PLAINTIFF ON THIS CLAIM.

(2) AS TO <u>DEFENDANT TUSA</u>:

 (A) HAS PLAINTIFF ESTABLISHED EACH OF THE THREE ELEMENTS OF HIS FEDERAL SECTION 1983 CLAIM AS AGAINST DEFENDANT TUSA?

   YES _____    NO ✓_____

IF YOU ANSWERED "NO" TO QUESTION (2)(A), YOU HAVE FOUND FOR DEFENDANT TUSA AS TO THIS CLAIM. PROCEED TO QUESTION (3). IF YOU ANSWERED "YES" TO QUESTION (2)(A), PROCEED TO QUESTION (2)(B).

 (B) HAVE DEFENDANTS ESTABLISHED THAT WAYNE CHREBET, JR. WOULD HAVE TERMINATED THE 2007 CONSULTING AGREEMENT EVEN ABSENT ANY HARASSING CONDUCT BY DEFENDANT TUSA?

   YES _____    NO _____

IF YOU ANSWERED "YES" TO QUESTION (2)(B), YOU HAVE FOUND FOR DEFENDANT TUSA ON THIS CLAIM. IF YOU ANSWERED "NO" TO QUESTION (2)(B), YOU HAVE FOUND FOR PLAINTIFF ON THIS CLAIM.

<u>STATE LAW CLAIM – TORTIOUS INTERFERENCE WITH CONTRACT</u>

(3) AS TO <u>DEFENDANT SOTO</u>:

 (A) HAS PLAINTIFF ESTABLISHED EACH OF THE SIX ELEMENTS OF

2

HIS CLAIM OF TORTIOUS INTERFERENCE WITH CONTRACT AS AGAINST DEFENDANT SOTO?

YES _____     NO ✓

IF YOUR ANSWER IS "NO", YOU HAVE FOUND FOR DEFENDANT SOTO ON THIS CLAIM. PROCEED TO QUESTION (4). IF YOUR ANSWER IS "YES", PROCEED TO THE QUESTION (3)(B).

(B) HAS DEFENDANT SOTO MET HIS BURDEN TO ESTABLISH THAT HIS CONDUCT WAS JUSTIFIED?

YES _____     NO _____

IF YOUR ANSWER IS "NO", YOU HAVE FOUND FOR PLAINTIFF AS TO THIS CLAIM. PROCEED TO QUESTION (4). IF YOUR ANSWER IS "YES", PROCEED TO QUESTION (3)(C).

(C) HAS PLAINTIFF ESTABLISHED THAT DEFENDANT SOTO ACTED WITH MALICE OR USED WRONGFUL MEANS?

YES _____     NO _____

IF YOUR ANSWER IS "YES", YOU HAVE FOUND FOR PLAINTIFF AS TO THIS CLAIM. IF YOUR ANSWER IS "NO", YOU HAVE FOUND FOR DEFENDANT SOTO ON THIS CLAIM.

(4) AS TO <u>DEFENDANT TUSA</u>:

(A) HAS PLAINTIFF ESTABLISHED EACH OF THE SIX ELEMENTS OF HIS CLAIM OF TORTIOUS INTERFERENCE WITH CONTRACT AS AGAINST DEFENDANT TUSA?

YES _____     NO ✓

IF YOUR ANSWER IS "NO", YOU HAVE FOUND FOR DEFENDANT TUSA ON THIS CLAIM. PROCEED TO QUESTION (5). IF YOUR ANSWER IS "YES", PROCEED TO THE QUESTION (4)(B).

(B) HAS DEFENDANT TUSA MET HIS BURDEN TO ESTABLISH THAT HIS CONDUCT WAS JUSTIFIED?

3

YES _____                            NO _____

IF YOUR ANSWER IS "NO", YOU HAVE FOUND FOR PLAINTIFF AS TO THIS CLAIM.  PROCEED TO QUESTION (5).  IF YOUR ANSWER IS "YES", PROCEED TO QUESTION (4)(C).

(C) HAS PLAINTIFF ESTABLISHED THAT DEFENDANT TUSA ACTED WITH MALICE OR USED WRONGFUL MEANS?

YES _____                            NO _____

IF YOUR ANSWER IS "YES", YOU HAVE FOUND FOR PLAINTIFF AS TO THIS CLAIM.  IF YOUR ANSWER IS "NO", YOU HAVE FOUND FOR DEFENDANT TUSA ON THIS CLAIM.

(5) AS TO <u>DEFENDANT NASSAU COUNTY</u>:

(A) HAS THE STATE LAW CLAIM OF TORTIOUS INTERFERENCE WITH CONTRACT – WHICH HAS BEEN ASSERTED AGAINST NASSAU COUNTY AS THE EMPLOYER OF DEFENDANTS SOTO AND TUSA AND ALSO OF NON-PARTIES KRUMMENACKER AND LOWRY – BEEN ESTABLISHED:

   (I) BASED UPON THE CONDUCT OF DEFENDANT SOTO?

   YES _____                         NO ✓

   (II) BASED UPON THE CONDUCT OF DEFENDANT TUSA?

   YES _____                         NO ✓

   (III) BASED UPON THE CONDUCT OF NON-PARTY KRUMMENACKER?

   YES _____                         NO ✓

   (IV) BASED UPON THE CONDUCT OF NON-PARTY LOWRY?

   YES _____                         NO ✓

IF THE ANSWER TO ANY PART OF QUESTION (5)(A) IS "YES", YOU HAVE FOUND FOR PLAINTIFF AS TO THIS CLAIM.  IF YOUR ANSWER

4

TO ALL OF QUESTION (5)(A) IS "NO", YOU HAVE FOUND FOR DEFENDANT NASSAU COUNTY AS TO THIS CLAIM.

STATE LAW CLAIM - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(6) HAS PLAINTIFF ESTABLISHED EACH OF THE THREE ELEMENTS OF HIS STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AS TO DEFENDANT SOTO?

   YES _____          NO ✓

(7) HAS PLAINTIFF ESTABLISHED EACH OF THE THREE ELEMENTS OF HIS STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AS TO DEFENDANT TUSA?

   YES _____          NO ✓

(8) HAS PLAINTIFF ESTABLISHED EACH OF THE THREE ELEMENTS OF HIS STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AS TO DEFENDANT FITZGERALD?

   YES _____          NO ✓

(9) HAS PLAINTIFF ESTABLISHED EACH OF THE THREE ELEMENTS OF HIS STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AS TO DEFENDANT ROTHENBERG?

   YES _____          NO ✓

(10) HAS PLAINTIFF ESTABLISHED EACH OF THE THREE ELEMENTS OF HIS STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AS TO DEFENDANT HERMANN?

   YES _____          NO ✓

(11) AS TO DEFENDANT NASSAU COUNTY:

   (A)  HAS THE STATE LAW CLAIM OF INTENTIONAL INFLICTION OF

EMOTIONAL DISTRESS – WHICH HAS BEEN ASSERTED AGAINST NASSAU COUNTY AS THE EMPLOYER OF DEFENDANTS SOTO, TUSA, FITZGERALD, ROTHENBERG, AND HERMANN, AND ALSO OF NON-PARTIES KRUMMENACKER AND LOWRY – BEEN ESTABLISHED:

(I) BASED UPON THE CONDUCT OF DEFENDANT SOTO?

YES _____         NO ✓

(II) BASED UPON THE CONDUCT OF DEFENDANT TUSA?

YES _____         NO ✓

(III) BASED UPON THE CONDUCT OF DEFENDANT FITZGERALD?

YES _____         NO ✓

(IV) BASED UPON THE CONDUCT OF DEFENDANT ROTHENBERG?

YES _____         NO ✓

(V) BASED UPON THE CONDUCT OF DEFENDANT HERMANN?

YES _____         NO ✓

(VI) BASED UPON THE CONDUCT OF NON-PARTY KRUMMENACKER?

YES _____         NO ✓

(VII) BASED UPON THE CONDUCT OF NON-PARTY LOWRY?

YES _____         NO ✓

IF THE ANSWER TO ANY PART OF QUESTION (11)(A) IS "YES", YOU HAVE FOUND FOR PLAINTIFF AS TO THIS CLAIM. IF YOUR ANSWER TO ALL OF QUESTION (11)(A) IS "NO", YOU HAVE FOUND FOR DEFENDANT NASSAU COUNTY AS TO THIS CLAIM.

IF YOU HAVE FOUND FOR DEFENDANTS AS TO ALL OF THE CLAIMS, PROCEED NO FURTHER AND SIMPLY REPORT YOUR VERDICT TO THE COURT.

IF YOU HAVE FOUND FOR THE PLAINTIFF AS TO ANY OF THE CLAIMS, YOU

6

SHOULD PROCEED TO THE NEXT PORTION OF THE VERDICT SHEET, ENTITLED "DAMAGES."

## DAMAGES

(12) PLEASE STATE THE <u>TOTAL</u> AMOUNT OF <u>COMPENSATORY DAMAGES</u> YOU ARE AWARDING PLAINTIFF AND INDICATE HOW MUCH OF THAT TOTAL SUM IS FOR PAIN AND SUFFERING AND HOW MUCH IS FOR ECONOMIC LOSS. THEREAFTER, CHECK OFF (√) ANY INDIVIDUAL DEFENDANT TO WHICH THAT COMPENSATORY AWARD APPLIES:

    (A)    TOTAL AMOUNT OF COMPENSATORY DAMAGES:    $_____

            (I) FOR PAIN AND SUFFERING: $_____

            (II) FOR ECONOMIC LOSS:      $_____

    (B)    AS AGAINST DEFENDANT SOTO:    _____

    (C)    AS AGAINST DEFENDANT TUSA:    _____

    (D)    AS AGAINST DEFENDANT FITZGERALD:    _____

    (E)    AS AGAINST DEFENDANT ROTHENBERG:    _____

    (F)    AS AGAINST DEFENDANT HERMANN:    _____

(13) PLEASE STATE THE TOTAL AMOUNT OF <u>PUNITIVE DAMAGES</u>, IF ANY, YOU ARE AWARDING PLAINTIFF AS AGAINST EACH OF THE FOLLOWING DEFENDANTS:

    (A)  AS AGAINST DEFENDANT SOTO:      $ _____

    (B)  AS AGAINST DEFENDANT TUSA:      $ _____

    (C)  AS AGAINST DEFENDANT FITZGERALD:  $ _____

    (D)  AS AGAINST DEFENDANT ROTHENBERG:  $ _____

    (E)  AS AGAINST DEFENDANT HERMANN:   $ _____

(14) WITH RESPECT TO PLAINTIFF'S SECTION 1983 CLAIM, IF YOU FIND THAT PLAINTIFF'S CONSTITUTIONAL RIGHTS WERE VIOLATED BUT HE HAS FAILED TO PROVE ANY RESULTING DAMAGES, YOU SHOULD AWARD <u>NOMINAL DAMAGES</u> (NOT TO EXCEED ONE DOLLAR) IN RECOGNITION OF THE VIOLATION ITSELF:

    $ _____ (TOTAL AMOUNT MAY NOT EXCEED ONE DOLLAR)

_[signature]_
FOREPERSON

DATED:    NOVEMBER 20, 2012
           CENTRAL ISLIP, NEW YORK

8